# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CARY<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | Case No. 2:19-cv-03272-DSF (SHK)<br><br>**ORDER SUMMARILY DENYING PETITION AS PREMATURE AND UNEXHAUSTED, DISMISSING CASE, AND DENYING A CERTIFICATE OF APPEALABILITY** |

## I.　BACKGROUND

Petitioner Jonathan Cary ("Petitioner"), proceeding pro se, signed and filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition" or "Pet.") pursuant to 28 U.S.C. § 2254.[1] Electronic Case Filing Number ("ECF No.") 1, Pet. On May 31, 2019, the Court issued an Order to Show Cause Why This Action Should Not Be Dismissed As Untimely And Unexhausted ("First

---

[1] Upon receipt of the Petition, the Clerk of Court notified Petitioner that he had failed to "pay the appropriate filing fee of $5.00" and instructed Petitioner to either pay the $5.00 filing fee or to apply to proceed in forma pauperis ("IFP"). ECF No. 1-1 Notice Re: Discrepancies in Filing of Habeas Corpus Petition, at 1. To date, Plaintiff has not paid the filing fee or applied to proceed IFP.

OSC") and ordered Petitioner to respond by June 30, 2019. ECF No. 3, OSC. On June 10, 2019, Petitioner responded to the OSC and stated that he has been diligent in pursuing his habeas relief and citing to filings he submitted in 2017 and 2018. ECF No. 4, Response to First OSC.

Without deciding the timeliness issue, and "only for purposes of allowing the matter to go forward and allow the Respondent to respond," in a Second OSC ("Second OSC"), "the Court f[ound] that Petitioner adequately addressed the timeliness issue about which the Court asked Petitioner in the previous OSC." ECF No. 5, Second OSC at 1-2. The Court, however, found that "Petitioner has not provided an adequate response to the exhaustion issue, as was requested in the previous OSC." Id. at 2.

In the Second OSC, the Court "again explain[ed] the requirement for exhaustion of Petitioner's claims before the California Supreme Court before the federal courts can address Petitioner's currents claims and also provide[d] the various steps Petitioner may choose to take at th[at] point." Id. The Court also ordered the following regarding the subject of Petitioner's response: "**Petitioner's response as to how he wants to proceed or an explanation, along with details regarding case numbers and rulings, showing that the California Supreme Court has actually ruled on Petitioner's claims that he seeks to present here must be filed by July 21, 2019.**" Id. (emphasis in original). Finally, the Court "**warn[ed] Petitioner that failure to timely file a response to th[at] Order will result in the Court dismissing this action with prejudice as untimely, and for failure to prosecute and comply with court orders.**" Id. at 4 (citing Fed. R. Civ. P. 41(b) (emphasis in original)).

To date—over six months past the deadline to do so—Petitioner has not responded to the Court's Second OSC or otherwise participated in this litigation. Accordingly, dismissal of this action is appropriate here because Petitioner has

failed to (1) demonstrate that he has exhausted his claims, and (2) prosecute this action and comply with Court orders. The Court addresses both reasons in turn.

## II.    DISCUSSION

### A.    Petition Fails Because It Contains Unexhausted Claims.

A summary of the trial proceedings was provided in the First and Second OSC. See ECF No. 3, First OSC at 2; ECF No. 5, Second OSC and 2. As was stated in the Second OSC:

> An initial state habeas petition was filed with the California Court of Appeal, in case number B282645, which was summarily denied on May 22, 2017. There also appears to be a newly filed state habeas petition, filed on June 17, 2019, in case number B298393. It is unclear from the California court websites, however, the nature of the claims raised before the California appellate courts. Additionally, as indicated in Petitioner's response, and shown on the Los Angeles Superior Court's official website, www.lacourt.org/criminalcasesummary, in case number SA087131, Petitioner has filed habeas petitions in state court on April 27, 2018; August 10, 2018; and August 17, 2018. Additionally, there are various notations of "Court Consideration", in this same case number, on various dates in December 2018, February 2019, April 2019, and May 2019. www.lacourt.org/criminalcasesummary.
>
> There is no indication from the California court websites that the issues have been presented to the California Supreme Court on Petitioner's behalf and Petitioner states, in his Petition, that he has not filed any petition for writ of habeas corpus with respect to his conviction and judgment with the California Supreme Court. ECF No. 1, Petition at 4.

ECF No. 5, Second OSC at 2.

The Second OSC noted:

> Generally, before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). That means, in cases where a petitioner was convicted in California state court, the petitioner must present the federal claims that he is raising in a federal habeas petition to the California Supreme Court. See id. A federal court may

3

> not grant habeas relief to a petitioner unless the individual has first exhausted his state court remedies by fully and fairly presenting each claim to the highest state court. Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009), cert. denied, 560 U.S. 979 (2010). A claim has not been fairly presented unless the petitioner has described in the state court proceedings both the operative facts and the federal legal theory on which the claim is based. See Duncan v. Henry, 513 U.S. 364 (1995).
>
> Here, it appears that Petitioner filed several state habeas petitions with the California Court of Appeal, the first of which was summarily denied on May 22, 2017, and what appears to be several habeas petitions with the California trial courts, which are called Superior Courts. There is no information that the Court could find or that was provided to show that Petitioner has filed any state habeas petition with the California Supreme Court, much less raising the particular grounds that he raises here. Additionally, there is no indication that Petitioner appealed his direct appeal to the California Supreme Court. Finally, Petitioner also admits this in his Petition.
>
> Without raising these issues with the California Supreme Court first, this Court cannot find that the habeas grounds have been exhausted and the Petition is subject to being dismissed, without prejudice.

Id. at 2-3.

Here, Petitioner presents no arguments or evidence in his filings that show that Petitioner has exhausted his State court remedies. Therefore, for the reasons discussed previously, and set forth in the Court's First and Second OSC, the Court finds that dismissal of Petitioners claims, without prejudice, is warranted in this case because Petitioner has failed to demonstrate that his claims have been exhausted in the State courts.

### B. Case Is Dismissed For Failure To Prosecute And Follow Court Orders.

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (stating standard applied in dismissal for failure to prosecute) abrogated on other grounds; Hells

4

Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the first two factors—public interest in expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissal. Petitioner has failed to respond to Court orders and it has been over six months since Petitioner's last filing deadline expired. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Petitioner does not intend to litigate this action diligently. See Omstead, 594 F.3d at 1084.

The third factor—prejudice to Respondent—does not weigh in favor of dismissal because Respondent has not yet been served in this case. Nevertheless, the other factors combine to weigh in favor of dismissal. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ('[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant.'" (citation omitted)).

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Petitioner's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and

evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. See ECF No. 5, Second OSC. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Petitioner's failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Petitioner's compliance with Court orders or participation in this litigation. Petitioner has shown he is either unwilling or unable to comply with Court orders by failing to file responsive documents or otherwise cooperate in prosecuting this action. Specifically, Petitioner has not filed any papers in this case for over six months, including his response to the Court's Second OSC.

Accordingly, because: (1) Petitioner's claims appear to be unexhausted; (2) four out of the five Omstead factors weigh in favor of dismissal; (3) it appears that Petitioner has abandoned this litigation; and (4) Petitioner has defied Court orders, the Court DENIES the Petition and DISMISSES this case, without prejudice.

**C. Certificate Of Appealability Is Denied.**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues

presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

Here, the Court is dismissing the Petition without prejudice, in part, because the claims are unexhausted. Because of this problem with the Petition, Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

### III. ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DENIED**;
2. Judgment be entered **DISMISSING** the action without prejudice; and
3. A Certificate of Appealability is **DENIED**.

DATED: February 11, 2020

*Dale S. Fischer*
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge

7